UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 21-9931-JWH (KS)                                        Date: January 4, 2022

Title   *Roberto Oregel v. County of Los Angeles*

Present: The Honorable   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A     Attorneys Present for Respondent: N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.    The Petition**

On December 23, 2021, Roberto Oregel ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) According to the Petition and its attachments, Petitioner pled no contest to one count of carjacking, with two enhancements, and was sentenced on February 10, 2015 in Los Angeles Superior Court to eleven years in state prison. (Petition at 2.)[1] Petitioner asserts the following grounds for relief: (1) carjacking is no longer treated as a serious and violent felony; and (2) the two sentence enhancements were unlawful. (*See id.* at 7-17.)

**II.    Petitioner's Prior Proceedings**

The attachments to the Petition indicate that Petitioner filed a Petition for Writ of Habeas Corpus in Los Angeles Superior Court on March 30, 2020. (Petition at 20.) The habeas petition was denied on June 16, 2020, on grounds that carjacking remains a violent crime under California law. (*Id.*)

On May 19, 2021, Petitioner filed a Petition for Writ of Habeas Corpus with the California Court of Appeal, Second Appellate District. (*See* Petition at 34; *see also In re ROBERT OREGEL*, No. B312498 (Cal. Ct. App. May 19, 2021), *available at* https://appellatecases.courtinfo.ca.gov

---

[1]    For ease of reference, the Court cites to the page numbers assigned by the Court's Electronic Case Filing System.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9931-JWH (KS)                                         Date: January 4, 2022

Title   _Roberto Oregel v. County of Los Angeles_

(last visited Jan. 4, 2022).)[2]  The California Court of Appeal denied the habeas petition on May 27, 2021 for failure to state a prima facie case for relief.  (_Id._)  The California appellate court reasoned that federal law does not determine whether carjacking is a violent felony under California law (citing _Turner v. Sullivan_, No. CV 17-290-PA (JPR), 2019 WL 337612 (C.D. Cal. Jan. 26, 2019), and that Plaintiff's plea bargain prohibits challenges to the imposition of multiple sentence enhancements (citing _People v. Nguyen_, 13 Cal. App. 4th 114, 122 (1993)).  (_Id._)

On July 30, 2021, Petitioner filed a Petition for Writ of Habeas Corpus with the Supreme Court of California.  _See OREGEL (ROBERTO)_, No. S270144 (Cal. S. Ct. Jul. 30, 2021), _available at_ https://appellatecases.courtinfo.ca.gov (last visited Jan. 4, 2022).  The Supreme Court of California denied the habeas petition on November 10, 2021.  (_See id._; _see also_ Petition at 43.)

Petitioner filed the instant Petition on December 23, 2021.  (Dkt. No. 1.)

### III.   Habeas Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  _Boyd v. Thompson_, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  _Id._ at 1128.

A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  _Id._  **Accordingly, by this Order, the Court notifies Petitioner that the Petition is subject to dismissal because it is facially untimely.  To discharge this Order and avoid dismissal, Petitioner, no later than February 3, 2022, must file a First Amended Petition that establishes that the Petition is timely and/or that Petitioner is entitled to equitable tolling.**

---

[2]   Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  _See Smith v. Duncan_, 297 F.3d 809, 815 (9th Cir. 2001), _overruled on other grounds by Pace v. DiGuglielmo_, 544 U.S. 408, 418 (2005); _Williams v. Jacquez_, No. CV 9-2703-DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 21-9931-JWH (KS)                                            Date: January 4, 2022

Title     *Roberto Oregel v. County of Los Angeles*

**IV.   The Petition is Facially Untimely**

Based upon the background facts articulated above, the Petition is subject to summary dismissal because it is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645-49 (2010).

The section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, a state prisoner's limitations period will be governed by section 2244(d)(1)(A). *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Here, Petitioner has not asserted that an alternative commencement date applies under section 2244(d)(1).

According to the Petition, Petitioner was sentenced approximately seven years ago on February 10, 2015. (Petition at 2.) Because Petitioner was sentenced pursuant to a no contest plea,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-9931-JWH (KS)                                              Date: January 4, 2022

Title      *Roberto Oregel v. County of Los Angeles*

he filed no appeal.[3]  Therefore, Petitioner's judgment became final in or around April 11, 2015, sixty days after his conviction.  *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2011); Cal. R. Ct. 8.308(a).  Petitioner did not file any habeas petitions in state court until June 17, 2019, four years after the statute of limitations was triggered.  *See People v. Oregel*, https://www.lacourt.org/criminalcasesummary/ui/ (search for Case Number: TA135760 and Filing Location: XSC) (last visited Jan. 4, 2022).

Moreover, based on the Petition, Petitioner is not entitled to statutory tolling.  Petitioner waited to file his first state habeas petition until four years after his 2015 conviction became final; thus, his first state habeas petition was filed *after* AEDPA's one-year statute of limitations had lapsed.  *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Further, Petitioner does not allege, nor does the Petition suggest that Petitioner is entitled to equitable tolling.  (*See generally* Petition.)  Petitioner has not alleged any extraordinary circumstances that prevented him from timely filing this action nor established diligence in pursuing his rights.  *See Holland*, 560 U.S. at 645 (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).  Therefore, Petitioner has not—and, most likely, cannot—demonstrate equitable tolling.

Accordingly, the Petition is untimely by at least four years—rendering the Petition subject to dismissal under Habeas Rule 4.

/ /
/ /
/ /

---

[3]     In California, a no contest plea is "the same as that of a plea of guilty for all purposes."  Cal. Penal Code § 1016 (West); *see also Jennings v. Mukasey*, 511 F.3d 894, 896 n.1 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 21-9931-JWH (KS)                                            Date: January 4, 2022

Title      *Roberto Oregel v. County of Los Angeles*

### V.    Conclusion and Order

In sum, it appears from the Petition and available state court records that Petitioner is not entitled to relief because the Petition is untimely to the extent that it attacks Petitioner's 2015 conviction.  *See* Habeas Rule 4.  This warrants summary dismissal under Habeas Rule 4.  Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to correct the defect by filing a First Amended Petition which establishes that the Petition is timely and/or that Petitioner is entitled to equitable tolling.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than February 3, 2022, shall file a First Amended Petition, using the Central District's standard habeas petition form, that does all of the following:**

(1) Clearly identifies the state court judgment or proceeding that Petitioner is challenging;
(2) Clearly identifies the date on which the statute of limitations began to run on Petitioner's claim;[4] and
(3) Establishes that the Petition is timely and/or that Petitioner diligently pursued the instant habeas claim but extraordinary circumstances beyond his control prevented Petitioner from filing the Petition for many years.

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.  **The Clerk is directed to send Petitioner a copy of the Central District's standard habeas petition form.**

**IT IS SO ORDERED**.

                                                                                           :
                                                           **Initials of Preparer**  gr

---

[4]    This date is either the date of AEDPA's implementation (April 1996) or one of the following:  (A) the date on which the conviction being attacked became final; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action was removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim <u>could have been discovered</u> through the exercise of due diligence.